IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANAR BRADFORD, 11072625, )<br>              Plaintiff, )<br>v.                                            )<br>                                            )<br>AUDREY GARNETT, ET AL., )<br>              Defendants. ) | No. 3:11-CV-3244-O |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff is a pre-trial detainee incarcerated in the Dallas County Jail. He filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are defense attorney Audrey Garnett, Dallas Police Officer Vanmeter, the Dallas Police Department and Delta Bail Bonds. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff argues that Officer Vanmeter used excessive force when arresting him. He also states Vanmeter filed false criminal charges against him. He claims he has received ineffective assistance of counsel from Defendant Audrey Garnett. He states a representative of Delta Bail Bonds caused him to miss a court date because the representative falsely told him there was no court date set. He claims this misrepresentation caused his bond to be forfeited. He alleges the Dallas Police Department has falsely imprisoned him and has defamed him.

## II.     SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ."  *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

### 1.     Audrey Garnett

Plaintiff claims his defense attorney, Audrey Garnett, has provided ineffective assistance of counsel during his bond forfeiture and during his criminal case.  Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983.  *See  Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011).  Plaintiff's claims against Defendant Garnett should be summarily dismissed.

### 2.     Officer Vanmeter

Plaintiff argues Officer Vanmeter used excessive force against him and filed false criminal charges against him.  Plaintiff is charged with aggravated assault of a public servant and

evading arrest. (Magistrate Judge's Questionnaire, Answer No. 1.) These charges are currently pending. (*Id*.)

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff argues the criminal charges against him are false and that Officer Vanmeter used excessive force against him. These claims necessarily imply the invalidity of Plaintiff's charges for aggravated assault of a public servant. These charges are currently pending. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**3.     Dallas Police Department**

Plaintiff claims the Dallas Police Department has wrongly imprisoned him and has defamed him. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett*

*v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas Police Department should therefore be dismissed.

**4.     Delta Bail Bonds**

Plaintiff argues a representative at Delta Bail Bonds caused him to miss a court date because the representative falsely told him there was no court date set. He claims this misrepresentation caused his bond to be forfeited.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that Delta Bail Bonds acted under color of state law. Plaintiff's claims against this defendant should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendant Officer Vanmeter be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 1st day of February, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).